| | |
|---|---|
| LAW OFFICES<br>BROENING OBERG WOODS & WILSON<br>PROFESSIONAL CORPORATION<br>POST OFFICE BOX 20527<br>PHOENIX, ARIZONA 85036<br>TELEPHONE: (602) 271-7700<br>FACSIMILE: (602) 258-7785<br>Donald Wilson, Jr./Bar No. 005205<br>Attorneys for Plaintiff | |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| U-Haul International, Inc., a Nevada corporation; eMove, Inc., a Nevada corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>Hire a Helper, LLC, a California limited liability company; Michael Glanz and Amy Glanz, husband and wife; John and Jane Does I - X; ABC Partnerships I – X; XYZ Corporations I – X,<br><br>  Defendants. | **COMPLAINT**<br><br>(Violation of 15 U.S.C. § 1125 *et. seq.*, The Lanham Act; Violation of 17 U.S.C. §106; Request for Injunctive Relief and Damages) |

Plaintiffs, U-Haul International, Inc. (hereinafter "Plaintiff U-Haul International") and eMove, Inc. (hereinafter "Plaintiff eMove") (collectively "Plaintiffs"), by and through counsel undersigned, as and for their Complaint against Defendants hereby state and affirmatively allege as follows:

**PARTIES AND PERSONAL JURISDICTION**

1. Plaintiff U-Haul International, Inc. is a Nevada corporation, with its principal place of business in Phoenix, Arizona.

2. Plaintiff, eMove, Inc., is a Nevada corporation, with its principal place of business in Phoenix, Arizona. Plaintiff eMove is a subsidiary of U-Haul International.

3. Defendant Hire a Helper, LLC, is a California limited liability company,

domiciled in California, and doing business nationally, internationally and in Arizona as www.hireahelper.com.

4. Defendants Michael Glanz and Amy Glanz are husband and wife and are residents of the State of California. The acts and/or omissions of Defendants Glanz were committed in furtherance and for the benefit of the marital community of Michael and Amy Glanz.

5. Defendants have caused an event to occur in Arizona out of which the claim which is the subject matter of this Complaint arose.

6. Defendants John and Jane Does I-X, ABC Partnerships I-X, and XYZ Corporations I-X are individuals, corporations, partnerships or business entities including joint ventures and dba's who were employees, agents or representatives who performed services, committed acts and omissions giving rise to this lawsuit and have caused the events complained of to occur across the United States, internationally and within the State of Arizona. Plaintiff does not know the true identity of said Defendants. However, Plaintiff will seek leave to amend this Complaint in order to name those Defendants when their true names become known.

**SUBJECT MATTER JURISDICTION**

7. This court has exclusive and original jurisdiction pursuant to 28 U.S.C.A. §§ 1331 and 1338 for violation of the Lanham Act, Copyright Act 17 U.S.C.A. § 106 and other federal and state claims. 28 U.S.C.A. §§ 1331, 1338; 18 U.S.C.A. § 106. Additionally, this claim is between citizens of different states and the value of Plaintiff's trade names and marks exceed the jurisdictional limits set forth for diversity jurisdiction. 28 U.S.C.A. § 1332; 1367 *et. seq.* This court also has pendent and ancillary jurisdiction of state claims pursuant to 28 U.S.C.A. § 1331 and § 1367.

8. This court has jurisdiction to enter orders of injunction in this matter pursuant to the Lanham Act, 15 USCA § 1116 *et. seq.*; § 502(a) of the Copyright Act and

other statutory and common laws of the United States and the laws of the State of Arizona.

## ALLEGATIONS COMMON TO ALL COUNTS

(Ownership and License of Copyright and Trademarks)

9.  Plaintiffs incorporate paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.  Plaintiff U-Haul International is the registered owner of certain registered copyrighted material known as the "eMove" website and located at eMove.com. (See Certificate of Registration United States Copyright Office issued April 10, 2008, attached as Exhibit A.) Plaintiff U-Haul International is also the owner of certain registered trademarks including "Moving Help®" and "Moving Helper®". Plaintiff eMove is a subsidiary corporation of Plaintiff U-Haul International and has been granted the exclusive license to use, reproduce, publicly display, and distribute such copyright and trademark material.

11.  Plaintiff U-Haul International owns and has granted Plaintiff eMove the exclusive right to use the registered trademark "Moving Help®" which was first used in commerce by Plaintiff May 3, 2002. The "Moving Help®" trademark was first filed and registered by Plaintiff with the United States Patent and Trademark Office on November 19, 2001 and November 16, 2004 respectively. (A true copy of the U.S. Reg. No. 2,903,640 is attached as Exhibit B.) 15 USCA §1072; 15 USCA §1057(b), (c). Pursuant to 15 USCA § 1057(b), said registration is *prima facie* evidence of ownership and exclusive right to use the registered marks. 1057 USCA §1057(b).

12.  Plaintiff U-Haul International owns and has granted Plaintiff eMove the exclusive right to use the registered trademark "Moving Helper®" which was first used in commerce January 1, 2004. The trademark "Moving Helper®" was first filed and registered with the United States Patent and Trademark Office on October 19, 2005 and

October 30, 2007.  (A true copy of the U.S. Reg. No. 3,323,962 is attached as Exhibit C.) 15 USCA §1072; 15 USCA §1057(b), (c).  Pursuant to 15 USCA § 1057(b), said registration is *prima facie* evidence of ownership and exclusive right to use the registered marks.  1057 USCA §1057(b).

**(Plaintiff eMove's Products, Services and the Website)**

13.  Plaintiff eMove is an online marketplace for moving, self storage products and services whose website address is emove.com.  On Plaintiff eMove's website homepage is the entrance to Plaintiff eMove's moving services online marketplace, which is known as "Moving Help®" and is also referred to as the "Moving Help® Marketplace".  The "Moving Help® MarketPlace" can be found at www.movinghelp.emove.com (hereinafter referred to as "Moving Help® MarketPlace" or "Moving Help® program").

14.  The eMove website was first created, published and fixed in copy in the format relevant to this Complaint January 1, 2004.  A subsequent updated version was created, published and fixed in copy in August, 2005.

15.  Plaintiff eMove first went live on the web on the web with all designs, architecture and dress for "Moving Help®" and the "Moving Help® Marketplace" in the format relevant to this Complaint January 1, 2004.  A subsequent updated version was created, published and fixed in copy August 2005.

16.  Plaintiff eMove's "Moving Help® Marketplace" site functions as a neutral venue and digital clearinghouse for connection between persons who wish to act as service providers (also known as "Moving Helpers®" and eMove "Moving Help® MarketPlace" customers).  Service providers sign up within the "Moving Help® MarketPlace" and agree to act as "Moving Helpers."

17.  Plaintiff eMove and its "Moving Help® MarketPlace" site provides the customer with the names, prices and customer reviews of registered "Moving Helpers®."

The "Moving Helper®" selected by the customer provides moving services to the customer.

18.   When the customer selects the "Moving Helper®", the "Moving Helper®" is notified and thereafter makes direct contact with the customer to discuss the details of the move.  After the "Moving Helper®" has completed the requested moving service, the customer gives the "Moving Helper®" a payment code that authorizes payment to the "Moving Helper®."

19.   When a connection between the "Moving Helper®" and the customer results in a completed transaction, Plaintiff charges a fee to the "Moving Helper®."  The "Moving Helper®" must pay this fee directly to Plaintiff and may not directly or indirectly charge this fee to the customer in addition to the charges for the services provided.

20.   Plaintiff eMove's "Moving Help® MarketPlace" is located on the web at http://movinghelp.emove.com or movinghelp.com.  Plaintiff eMove first went live on the web in the format relevant to this Complaint January 1, 2004.  A subsequent updated version was created, published and fixed in copy in August, 2005.  By virtue of the act of creation of its website and in particular the "Moving Help® MarketPlace" site, Plaintiffs U-Haul International and eMove were vested with certain protected property rights, including protection from copyright and trademark infringement and unfair business practices.

21.   Plaintiffs U-Haul International and eMove have certain ownership and exclusive licensing rights under copyright, trademark and common laws with regard to the design, display and architecture of its website, including the look, feel, appearance, and graphic function of the "Moving Help® MarketPlace" site.  Plaintiffs' "Moving Help®" site within the "Moving Help® MarketPlace" also has specific advertising and marketing technology and processes which contain copyrighted material, inventions,

know how, business method material, designs, design logos, phrases, names, logos and other intellectual property owned and/or licensed exclusively by Plaintiffs and for which Plaintiffs are entitled to protection.

22. Plaintiffs' "Moving Help®" site also contains copyrighted material, trademarks, trade names, trade dress, service marks and/or other indicia of ownership owned and/or licensed exclusively by Plaintiffs U-Haul International and eMove and for which Plaintiffs are entitled to protection.

23. Plaintiff U-Haul International's trademarks, including "Moving Help®" and "Moving Helper®" are service marks used in commercial sales and advertising of Plaintiff eMove's services to distinguish itself from the services and products of others.

24. Defendant Michael Glanz first submitted an application to become an eMove "Moving Helper®" within Plaintiff eMove's website on or about July 20, 2005. Defendant Glanz was accepted and activated as an eMove "Moving Helper®" on or about July 21, 2005.

25. In his application to become an eMove "Moving Helper®", Defendant Michael Glanz agreed to be bound to certain terms and conditions regarding the use of Plaintiff eMove's "Moving Help® MarketPlace." (See Plaintiff's "Moving Help® – Moving Helper® Agreement", a true and complete copy in effect on or about July 21, 2005, attached hereto as Exhibit D.) Plaintiffs' proprietary interests and rights in the eMove website, including the names, marks and other intellectual property contained in the eMove website, are also expressly set forth therein.

26. On or about July 25, 2006, Defendant Michael Glanz incorporated and/or Defendant Hire A Helper, LLC, was incorporated under the laws of the State of California. Upon information and belief, Defendant Hire a Helper, LLC went live on the internet at www.hireahelper.com in approximately July, 2007.

27. The creation of and/or first publication of Plaintiff eMove's website on or about June, 2002 and the continuous use and/or registration of Plaintiffs' trademarks, trade names, logos, designs, phrases and other intellectual property belonging to Plaintiffs occurred prior to Defendants' first use in approximately July, 2007.

28. Defendants have unfairly, wrongfully and unlawfully used the work, names, marks and designs of Plaintiffs by utilizing on Defendants' website www.hireahelper.com the same or similar work, marks, names, business method material, architecture designs, design logos and phrases belonging to Plaintiffs. The use of such similar work, marks, names, designs and other intellectual property content by Defendants causes confusion and/or is likely to cause confusion within the general public. Such conduct is also calculated to misappropriate or profit from Plaintiffs' work, marks and designs and is wrongful.

29. There is no plain, speedy and adequate remedy at law and Plaintiffs are entitled to injunctive relief.

**COUNT ONE**

**(Violation of 15 U.S.C. § 1125, The Lanham Act)**

**(Wrongful Use of Marks)**

30. Plaintiffs incorporate paragraphs 9 through 29 of this Complaint as though fully set forth herein.

31. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, forbids the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and services. 15 U.S.C. § 1125, *et. seq.*

32. Defendants' multiple, repeated and continuous use of Plaintiff U-Haul International, Inc.'s "Moving Help®" and "Moving Helper®" trademarks within Defendant's website at www.hireahelper.com , including "Moving Help®" and "Moving Helper®" constitutes a false designation of origin and false or misleading representation

in the advertising and sale of Defendants' goods and services.    Defendants' conduct is likely to cause confusion within the general public.  Plaintiffs believe they have been and are likely to be damaged by such acts of Defendants and constitutes a violation of the Lanham Act. 15 U.S.C. § 1125, et seq.

33.    There is no plain, speedy and adequate remedy at law and Plaintiffs are entitled to injunctive relief.

## COUNT TWO
## (Violation of 17 U.S.C. §106 – 122)
## (Infringement of the Copyright Act)

34.    Plaintiffs incorporate paragraphs 30 through 33 of this Complaint as though fully set forth herein.

35.    Plaintiff eMove's Moving Help® MarketPlace website is protected work under the Copyright laws of the United States.  17 U.S.C.A. §§106, 501(a), 410, 411. (See also Certificate of Registration issued by the Copyright Office dated 4/10/08 and attached as Exhibit A).

36.    The eMove website was first created, published and fixed in copy in the format relevant to this Complaint January 1, 2004.  A subsequent updated version was created, published and fixed in copy in August, 2005.

37.    As the owner and/or exclusive licensee of the copyright work, Plaintiffs have the sole and exclusive right to do and/or authorize the reproduction, public display and distribution of the copyright work.  17 U.S.C.A. §106.

38.    Defendants' creation and use of its website at www.hireahelper.com constitutes copying, publicly displaying, creating a derivative work, distributing Plaintiffs' work and is infringement of Plaintiffs' exclusive rights.  17 U.S.C.A. §106(1), (2), (3) and (5); 17 U.S.C.A. §501(a).

39.    The Certificate of Registration attached hereto as Exhibit A is made within

five years after first publication of Plaintiffs' work and constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C.A. §410(c).

40. Defendants' infringement of Plaintiffs' copyright work has caused and is likely to cause material damage and irreparable harm. Money damages would provide an insufficient remedy. Plaintiffs have no plain, speedy and adequate remedy at law and are entitled to injunctive relief. 17 U.S.C.A. § 502(a).

## COUNT THREE

## (Breach of Contract)

41. Plaintiffs incorporate paragraphs 34 through 40 of this Complaint as though fully set forth herein.

42. Prior to using Plaintiff eMove's venue and/or domain at MovingHelp.eMove.com, service providers such as Defendant Michael Glanz are required to agree to the terms and conditions of Plaintiff eMove's "Moving Helper® Agreement" (hereinafter "the Contract"), attached hereto as Exhibit A and incorporated herein by reference. On or about July 21, 2005, Defendant Michael Glanz signed up to be an eMove service provider or "Moving Helper®." In doing so, Defendant Glanz executed and accepted the terms and conditions as set forth in the Contract.

The Contract states in pertinent part:

> 26. **Confidentiality/Non-Disclosure:** As a result of the performance of this Agreement and whether due to any intentional or negligent act or omission, We may disclose to You or You may otherwise learn of or discover, Our documents, business practices, object code, source code, management styles, day-to-day business operations, capabilities, systems, current and future strategies, marketing information, financial information, software technologies, processes, procedures, methods and applications, or other aspects of Our business ("Our Information"). You hereby agree and acknowledge that any and all of our information is confidential and shall be Our sole and exclusive intellectual property and proprietary information. You agree to use Our Information only for the specific purposes as allowed by the

- 9 -

performance of this Agreement. Any disclosure of Our Information to a third party specifically including a direct competitor is strictly prohibited and will be vigorously challenged in a court of law. All obligations contained herein shall survive the termination of this Agreement.

Furthermore, You acknowledge that Our Information is proprietary, confidential and extremely valuable to Us, and that We would be materially damaged by Your disclosure of Our Information. You acknowledge and agree that monetary damages provide an insufficient remedy for the breach of this confidentiality obligation, and that We shall be entitled to injunctive relief.

27.    **Protection of Intellectual Property Content:**  The Moving Help® MarketPlace contains copyrighted material, inventions, know how, potential patentable business method material, design logos, phrases, names, logos or HTML Code ("Intellectual Property Content") all of which, unless otherwise indicated and/or provided pursuant to a third party license, are Our sole property and We retain all appurtenant rights, interests and title thereto. We also claim ownership rights under the copyright and trademark laws with regard to the "look", "feel", "appearance" and "graphic function" of this Moving Help® MarketPlace including but not limited to its color combinations, sound, layouts and designs. You agree and acknowledge that Your use of this Moving Help® MarketPlace does not confer upon You any license or permission to use Our (or any third party's) Intellectual Property Content. You shall not reproduce, modify, display, sell or distribute the Intellectual Property Content, or use it in any other way for public or commercial purpose. All other trademarks, service marks and copyrights are held by their rightful owners.

28.    **Trademark and Domain Name Protection:**  The Moving Help® MarketPlace contains trademarks, tradenames, trade dress, service marks, domain names or other indicia or ownership (collectively the "Marks") owned or licensed for use by Us. Unless otherwise agreed to in an Addendum to this Agreement, You agree that no right, property, license, permission or interest of any kind in or to the Marks is or is intended to be given or transferred to or acquired by You pursuant to the execution, performance or non-performance of this Agreement or any part thereof. You shall in no way contest or deny the validity of, Our right of title to or license of use for, the Marks, and You shall not encourage or assist others directly or indirectly to do so, during the lifetime of this Agreement and thereafter. You shall not utilize the Marks in any manner that would diminish their value or harm their reputation. You shall not use or register any domain name that is identical to or similar to any

of the Marks.

43. Defendant Michael Glanz breached the contract with Plaintiff eMove by disclosing to a third party competitor, including Defendant Hire A Helper, LLC, certain eMove information including but not limited to eMove's sole and exclusive intellectual property and proprietary information as set forth in the contract.

44. Defendant Michael Glanz further breached the contract with Plaintiff eMove by using, reproducing and distributing certain copyrighted and registered trademark material, design logos, phrases, names and/or other intellectual property content exclusively owned and/or licensed by Plaintiff eMove, including but not limited to the proprietary names "Moving Helper®" and "Moving Help®."

45. Defendant Michael Glanz further breached the contract by using, in conjunction with his business "Hire A Helper", and/or allowing a third party competitor including Defendant Hire A Helper, LLC, to wrongfully use, reproduce and distribute the look, feel, appearance and/or graphic function of Plaintiff eMove's "Moving Help®" MarketPlace, including but not limited to its color combinations, sound, layouts and/or designs.

46. Defendant Michael Glanz further breached the contract with Plaintiff eMove by reproducing, modifying, displaying, using and distributing Plaintiffs' intellectual property content as set forth in the contract for public and commercial use and/or permitting, without proper permission, authorization and/or license, a third party, Defendant Hire A Helper, LLC, to reproduce, display and/or use Plaintiffs' intellectual property content.

47. Defendant Michael Glanz further breached his contract with Plaintiff eMove by using, reproducing, distributing and/or permitting, without proper authorization, permission or license, Defendant Hire A Helper, LLC to use the trademarks and service marks owned by Plaintiff U-Haul International, Inc. and licensed

exclusively by Plaintiff eMove.

48. Defendant Michael Glanz's breach of contract has caused Plaintiffs material damage and irreparable harm. Money damages would provide an insufficient remedy. Plaintiffs have no plain, speedy and adequate remedy at law and is entitled to injunctive relief.

## COUNT FOUR
### (Contributory Liability and Vicarious Liability of Defendants Glanz)
### (Violation of 17 U.S.C.A. §106 – 122)

49. Plaintiffs incorporate paragraphs 41 through 48 of this Complaint as though fully set forth herein.

50. Defendant Michael Glanz knowingly and intentionally induced and/or encouraged Defendant Hire a Helper, L.L.C. to infringe upon the protected rights of Plaintiffs U-Haul International and eMove. Alternatively, Defendant Michael Glanz knew or should have known that such conduct by Defendant Hire a Helper, L.L.C. constituted a violation of Plaintiffs' copyrights.

51. Defendant Michael Glanz derives financial benefit from the direct infringement by Defendant Hire a Helper, L.L.C.

52. Defendant Michael Glanz had the right to stop and/or limit such infringement by Defendant Hire a Helper, L.L.C., but at all times relevant to this Complaint, failed to do so. Such conduct constitutes vicarious and/or contributory infringement by Defendant Michael Glanz and Plaintiffs are entitled to relief.

## COUNT FIVE
### (Unfair Competition – Arizona Common Law)

53. Plaintiffs incorporate paragraphs 49 through 52 of this Complaint as though fully set forth herein.

54. Plaintiffs U-Haul International, Inc. and eMove are the owners and/or exclusive licensees of copyright work registered with the United States Copyright Office as set forth in ¶ 10 above.

55. Plaintiffs U-Haul International, Inc. and eMove are the owners and/or exclusive licensees of "Moving Help®" and "Moving Helper®" registered with the United States Patent and Trademark Office as set forth in ¶¶ 11-12 above.

56. Defendants Glanz and Hire a Helper, LLC have used and are continuing to use Plaintiffs' registered and licensed names, marks and designs or names, marks and designs similar to those owned and/or licensed by Plaintiffs in connection with the sale and advertising of Defendant Hire a Helper, LLC's goods and/or services.

57. The use of such names, marks and/or designs by Defendants Glanz and Hire a Helper are not authorized by Plaintiffs.

58. The unauthorized use of such names, marks and/or designs by Defendants Glanz and Hire a Helper is likely to cause confusion, mistake and/or deceive the consuming public as to either the affiliation, connection or association of Plaintiffs with Defendant or vice-versa and/or has caused or will likely cause confusion as to the origin, sponsorship or approval of the goods, services or commercial activities by Plaintiffs.

59. The unauthorized use of Plaintiffs' names, marks and/or designs and/or the use of names, marks and/or designs similar to those of Plaintiffs is calculated to wrongfully misappropriate and/or profit from Plaintiffs' work and constitutes unfair competition under the common laws of the State of Arizona.

60. Defendants' unlawful conduct has caused and/or is likely to cause Plaintiffs material damage and irreparable harm. Money damages would provide an insufficient remedy. Plaintiffs have no plain, speedy and adequate remedy at law and is entitled to injunctive relief.

## COUNT SIX

**(Misappropriation of Trade Secrets- Violation of A.R.S. §44-401 *et. seq.*)**

61.  Plaintiffs incorporate paragraphs 53 through 60 of this Complaint as though fully set forth herein.

62.  Plaintiffs' intellectual property and other proprietary information contained in the non-published portions of the "eMove" website, including but not limited to Plaintiffs' knowhow, business methods material, design, architecture, business practices, strategies, marketing information, software technologies, processes, methods and applications, constitute trade secrets as that terms is defined by Ariz. Rev. Stat. §44-401(4).

63.  These trade secrets afford Plaintiff e-Move a competitive advantage and are valuable to Plaintiff eMove.

64.  These trade secrets were safeguarded by Plaintiff e-Move and reasonable precautions taken to safeguard such secrets, including providing limited access to certain information under specific terms and conditions.

65.  Plaintiffs' trade secrets were obtained by Defendants by improper means and constitute misappropriation by Defendants pursuant to A.R.S. §44-401(2). Ariz. Rev. Stat. §44-401(2).

66.  Plaintiffs are entitled to injunctive relief and monetary damages. Ariz. Rev. Stat. §§44-402, 403.

## **PRAYER**

1.  Plaintiffs have no plain, speedy and adequate remedy at law and are entitled to injunctive relief pursuant to 15 USCA §1116 *et. seq.*, 17 USCA §502(a) and/or other common and statutory laws of the United States and the State of Arizona and request this Court:

Enjoin Defendants and each of them from using and continuing to use,

reproduce and/or distribute the trade names, trade dress, trademarks, whether registered or not, any and all copyrighted material, graphic designs, symbols and logos, whether registered or not, including but not limited to "eMove", "Moving Helper®" or "Moving Help®", in conjunction with the sale and advertising of Defendants' products and services and all other signs, marks, names or designs calculated to mislead any person into believing that when dealing with Defendant Hire a Helper, LLC, he is dealing with Plaintiffs U-Haul International or eMove or some company affiliated or in some way associated with Plaintiffs or Plaintiffs' products or services.

Enjoin Defendants and each of them from copying, reproducing, publicly displaying, distributing, or otherwise infringing or contributing to the infringement of Plaintiffs' copyright work including its web page designs and architecture.

2. Damages in an amount to be proven at trial and in any event not less than three times Defendants Hire A Helper's profits, Plaintiffs' damages, statutory remedy allowed pursuant to 15 U.S.C.A. §1117, 17 U.S.C.A. §504 and/or other statutory or common laws of the United States and/or the State of Arizona;

3. Injunctive relief and monetary damages pursuant to Ariz. Rev. Stat. §§44-402, 403 for unfair competition and violation of trade secrets;

4. Attorneys fees and costs pursuant to statutory and common law grounds under the laws of the United States and the State of Arizona for the award of attorneys fees including but not limited to 15 U.S.C.A. §1125 *et. seq.,* 15 U.S.C.A. §1117(a)-(d), 17 U.S.C.A. §§504-505 *et. seq.*, and Ariz. Rev. Stat. §12-341.01 for matters arising out of contract.

5. For such other and further relief as the Court deems just, equitable and reasonable according to the circumstances of the case.

DATED this 10th day of July, 2008.

                BROENING OBERG WOODS & WILSON, P.C.


                By      s/s ***Donald Wilson, Jr.***
                      Donald Wilson, Jr.
                      P. O. Box 20527
                      Phoenix, Arizona 85036
                      Attorneys for Plaintiff