<div style="border">

1

LAW OFFICES
BROENING OBERG WOODS & WILSON

2

PROFESSIONAL CORPORATION

POST OFFICE BOX 20527

3

PHOENIX, ARIZONA 85036

TELEPHONE: (602) 271-7700

4

FACSIMILE:  (602) 258-7785

5

Donald Wilson, Jr./Bar No. 005205
Sarah L. Barnes/Bar No. 020362

6

Brian W. Purcell/Bar No. 020635

Attorneys for Plaintiffs

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF ARIZONA**

9

</div>

10

U-Haul International, Inc., a Nevada
corporation; eMove, Inc., a Nevada

CV 08-1271-PHX-DGC

11

corporation,

12

                         Plaintiffs,

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER
VENUE OR, IN THE ALTERNATIVE,
TO TRANSFER IN THE INTERESTS
OF CONVENIENCE AND JUSTICE**

13

v.

14

Hire a Helper, LLC, a California limited
liability company; Michael Glanz and Amy

15

Glanz, husband and wife; John and Jane
Does I - X; ABC Partnerships I – X; XYZ

(Oral Argument Requested)

16

Corporations I – X,

(Assigned to the Honorable
David G. Campbell)

17

                         Defendants.

18        Plaintiffs U-Haul International, Inc. and eMove, Inc. hereby respond to

19   Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or,

20   in  the Alternative, to Transfer in the Interests of Convenience and Justice.  This Court

21   should deny Defendants' Motion in all respects because, although Defendants fail to

22   acknowledge  or  address  this  in  their  Motion,  Michael  and  Amy  Glanz  (the  "Glanz

23   Defendants") expressly consented to this forum by Michael Glanz entering into a contract

24   with  Plaintiff  eMove  that  vested  this  Court  with  personal  jurisdiction  over  the  Glanz

25   Defendants and placed venue in this Court.  Defendant Hire a Helper, LLC, is bound by

26   the same forum selection clauses, because it has directly benefited from that contract.

1    In addition to this Court having jurisdiction under the forum selection clauses,

2  personal jurisdiction is proper over all Defendants because they have purposefully

3  availed themselves of the benefits and protections of Arizona law, and the exercise of

4  jurisdiction is reasonable.

5    Finally, the Court should not transfer venue under 28 U.S.C. § 1404(a), because

6  Defendants fall far short of overcoming the presumption in favor of Plaintiffs' choice of

7  forum under Ninth Circuit law.  Defendants simply ignore controlling Ninth Circuit law

8  in arguing transfer; rely on unauthoritative law from outside the jurisdiction; and omit

9  many critical facts.

10    This Response is supported by the following Memorandum of Points and

11  Authorities, the Affidavit of Brian Coxson attached as Exhibit A, the Affidavit of

12  Jonathan Phelps attached as Exhibit B, and the entire record.

13  <center>**MEMORANDUM OF POINTS AND AUTHORITIES**</center>

14  **I.      Introduction/Background**

15    Defendants' Motion to Dismiss completely ignores the contract between Plaintiff

16  eMove and Defendant Michael Glanz that is critical to the jurisdictional and venue issues

17  raised by Defendants' Motion.  Under that contract, which was dated July 21, 2005, and

18  was attached to Plaintiffs' Complaint as Exhibit 4, Michael Glanz agreed to become an

19  eMove "Moving Helper®" and further agreed to be bound by certain terms and

20  conditions regarding the use of eMove's "Moving Help® Marketplace" and eMove's

21  intellectual property.  (*See* Compl., ¶ 25).

22    As set forth in Count Three (Breach of Contract) of Plaintiffs' Complaint,

23  paragraphs 26, 27, and 28 of the contract between Glanz and eMove contained, among

24  other things: an acknowledgement by Glanz regarding the proprietary, confidential, and

25  valuable nature of certain of eMove's information, and that he would not disclose that

26  information (¶ 26); an acknowledgment by Glanz that his use of the Moving Help®

<center>- 2 -</center>

MarketPlace did not confer upon him any license or permission to use eMove's (or any third party's) intellectual property content (¶ 27); and an agreement by Glanz that the Moving Help® MarketPlace contained trademarks, among other things, that were owned by eMove, and that he had no right in, and would not contest, or assist others to contest, eMove's right to the trademarks and other items owned by eMove.  (¶ 28).

In addition to these paragraphs limiting Glanz's use of eMove's information, Glanz agreed, in two separate provisions, that venue would lie in Phoenix, Arizona, where, as here, injunctive relief is being sought.  Those provisions, paragraphs 35 and 48, provide, in relevant part, as follows:

> **35. Waiver of Jury Trial:** If for any reason the above provision requiring arbitration is declared unenforceable, void, or voidable, or if any action or judicial proceeding is permitted other than as contemplated by these provisions, *each party waives any right it may have to a trial by jury and consents to the venue of such action in Phoenix, Arizona*.
>
> . . . .
>
> **48. Governing Law:** This Agreement shall be governed by the laws of the State of Arizona. *In the event that injunctive relief is sought by Us, the courts of Maricopa County, Arizona and/or the United States District Court for the District of Arizona (Phoenix Division) shall have exclusive jurisdiction over any dispute arising under this Agreement…* (Emphasis added).

In addition to omitting these contractual provisions from their Motion, Defendants have omitted many facts regarding their contacts with, and purposeful availment of, Arizona.  Those facts are discussed in the purposeful availment section, *infra*.

## II.   Personal jurisdiction and venue are appropriate in this Court because of the contract's forum selection clauses.

In the Ninth Circuit, "forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972))

(internal quotes omitted)[1]; *see also Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (noting that by consenting to a forum selection clause, a defendant waives the "right to object to personal jurisdiction in th[e] litigation" (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (discussing consent as a basis for personal jurisdiction))).   In short, "the forum clause should control absent a strong showing that it should be set aside." *Bremen*, 407 U.S. at 15.

Here, the forum selection clauses are <u>mandatory</u>, in that they refer to "venue" being in Phoenix, Arizona (paragraph 35), and Maricopa County courts or the United States District Court for the District of Arizona (Phoenix Division), having "exclusive jurisdiction" (paragraph 48).  *See, e.g., Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (noting "[t]he prevailing rule is clear . . . where venue is specified with mandatory language, the clause will be enforced").   Defendants have not attempted to, and cannot, make any showing that the forum selection clauses are unenforceable, let alone the strong showing that they must make.   Therefore, the forum selection clauses should be enforced by their terms.

**III.   The forum selection clauses are enforceable, not only as to Defendant Michael Glanz, but also as to Defendants Amy Glanz and Hire a Helper.**

Enforcement of a forum selection clause is not limited to the signatories to a contract.   Rather, "'a range of transaction participants, parties and non-parties should benefit from and be subject to forum selection clauses.'" *Manetti-Farrow, Inc., v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (quoting *Clinton v. Janger*, 583 F. Supp. 284, 290 (N.D. Ill. 1984)).   Put another way, a non-contracting party should be bound to the forum selection clause if the conduct of the non-contracting party is "closely related" to the contractual relationship.  *Manetti-Farrow* at 514 n.5.

Courts have specifically held that nonsignatories "may be bound by the agreement

---

[1]  Plaintiffs' case law in this area is largely taken from this Court's order in *K&H Mfg. Co. v. Strong Indus., Inc.*, 2008 WL 65606 (D. Ariz. 2008).

under ordinary contract and agency principles." *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986) (citations omitted).   Included among these ordinary principles are "'1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter-ego; and 5) estoppel.'" *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *Thomson-CSF, S.A., v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)).[2]   Here, agency law applies to enforce the forum selection clauses against Amy Glanz, and equitable estoppel applies to enforce the clauses against Hire a Helper.

**A**.   **Amy Glanz is bound by the forum selection clauses because Michael Glanz was acting as an agent for the Glanzs' marital community when he entered into the Moving Helper® contract.**

Under California Family Code § 1100(d), "a spouse who is operating or managing . . . an interest in a business . . . has the primary management and control of the business or interest."   This statute defines the power granted to the managing spouse as the authority to "act alone in all transactions but [the managing spouse] shall give prior written notice to the other spouse of any . . . disposition of all or substantially all of the personal property used in the operation of the business . . . , whether or not title to that property is held in the name of only one spouse." *Id.*   In short, the managing spouse, by statute, acts as an agent for the marital community. Here, when Michael Glanz entered into the Moving Helper® contract, he was acting as an agent for his marital community. Thus, the forum selection clauses are enforceable against the marital community of Michael and Amy Glanz.

**B.**   **Based on equitable estoppel, Hire a Helper is bound by the forum selection clauses because it accepted the benefits of the Moving Helper® contract in the form of eMove's trade secrets and protected intellectual property.**

A nonsignatory to a contract containing a forum selection clause is estopped from

---

[2] Although *Letizia* and *Comer* addressed the enforcement of an arbitration clause, they are applicable to the analysis of a forum selection clause "because an agreement to arbitrate is actually a specialized forum selection clause." *Manetti-Farrow*, 858 F.2d at 514 n.4 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)).

1   denying its obligation to litigate any disputes within the purview of the clause, where the

2   party "knowingly exploits the agreement containing the [forum selection] clause despite

3   having never signed the agreement." *Comer*, 436 F.3d at 1101 (citation omitted). In

4   *Comer*, the appellee was a participant in an ERISA benefits plan. *Id.* at 1099. The trustees

5   of the plan entered into an investment management agreement with Smith Barney. *Id.* at

6   1100.  The agreement contained a provision that "all claims or controversies" between

7   the trustees and Smith Barney would be submitted to arbitration. *Id.* After Smith Barney

8   allegedly breached its fiduciary duty to the benefit plans, the appellee filed suit against

9   Smith Barney. *Id.* Under the investment management agreement, Smith Barney sought to

10   compel the appellee to arbitrate the dispute. *Id.* Smith Barney argued that because the

11   appellee derived benefits from the agreement containing the arbitration provision, he

12   should be estopped from denying his obligation to be bound by the arbitration provision.

13   *Id.*  The court held that the appellee's "status as a passive participant in the plans" was

14   not sufficient to show he had knowingly exploited the agreement. *Id.* at 1102.

15         Unlike the appellee in *Comer*, Hire a Helper is not a passive participant in

16   exploiting the benefits of the Moving Helper® contract.  Rather, Hire a Helper, acting

17   under the direction of Michael Glanz, created a website that is strikingly similar to

18   eMove's Moving Helper® website.  Hire a Helper created its website with the knowledge

19   of how eMove's website operated, knowledge that was protected under the terms of the

20   Moving Helper® contract as a trade secret.  Hire a Helper also utilized eMove's

21   intellectual property, including items protected under the Lanham Act and the Copyright

22   Act.  The protected information Michael Glanz obtained under the Moving Helper®

23   contract directly benefited Hire a Helper in the form of reduced design and development

24   costs for its website, as well as a faster time to market. Hire a Helper has improperly

25   benefited from eMove's software development, market research, and intellectual

26   property, and its conduct is clearly "closely related" to the contractual relationship

1  between eMove and Michael Glanz.  *See Manetti-Farrow*, 858 F.2d at 514 n.5.  Thus,

2  Hire a Helper is equitably estopped from denying its obligation to be bound by the forum

3  selection clauses in the Moving Helper® contract.

4  **C. The forum selection clauses apply to all Counts of Plaintiffs' Complaint.**

5  A forum selection clause applies to a particular claim when "resolution of the

6  claim[] relates to interpretation of the contract." *Id.* at 514 (citations omitted). Courts

7  applying this standard have held that claims for copyright and trademark infringement

8  fall within the purview of a contract's forum selection clause. *Graham Technology*

9  *Solutions, Inc., v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1433 (N.D. Cal. 1997)

10  (holding forum selection clause applicable to copyright infringement claim because

11  resolution of the claim required interpretation of "the rights and duties enumerated in the"

12  contract); *see also Omron Healthcare, Inc., v. Maclaren Exps., Ltd.*, 28 F.3d 600, 603

13  (7th Cir. 1994) (holding trademark infringement claim subject to forum selection clause

14  because the resolution of all disputes "which arguably depend on the construction of an

15  agreement, 'arise out of' that agreement" for purposes of the clause).

16  Counts one, two, four, five, and six of Plaintiffs' complaint are for Defendants'

17  violations of Plaintiffs' intellectual property rights. Resolution of these claims requires

18  interpretation of the Moving Helper® contract, and particularly paragraphs 26-28 set

19  forth above, to establish that Defendants have made unauthorized use of Plaintiffs'

20  intellectual property. Count Three of Plaintiffs' complaint is for breach of contract;

21  therefore, interpretation of the Moving Helper® contract is clearly required.

22  In sum, the forum selection clauses apply to all Defendants, for all of Plaintiffs'

23  claims, and the clauses establish that personal jurisdiction and venue are proper in this

24  Court.

25  **V.   The Court may also exercise personal jurisdiction over all Defendants and all claims based on purposeful availment.**

26  When a court rules on a challenge to personal jurisdiction over the defendant

- 7 -

1   "without holding an evidentiary hearing, the plaintiff need make only a prima facie

2   showing of jurisdictional facts to withstand the motion." *Ballard v. Savage*, 65 F.3d 1494,

3   1498 (9th Cir. 1995). To satisfy this burden, "the plaintiff need only demonstrate facts

4   that if true would support jurisdiction over the defendant." *Id.*

5          Where, as here, there is no federal statute governing personal jurisdiction, the

6   Court "may exercise personal jurisdiction over a non-resident defendant if jurisdiction is

7   proper under [Arizona]'s long arm statute and if that exercise of jurisdiction accords with

8   federal constitutional due process principles." *Fireman's Fund*, 103 F.3d at 893.

9   Arizona's long arm statute, Ariz. R. Civ. P. 4.2(a), "provides for personal jurisdiction

10  coextensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112

11  F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 153 Ariz.

12  268, 270, 736 P.2d 2, 4 (1987)).

13         To satisfy due process, "a defendant [must] have minimum contacts with the

14  forum state so that the exercise of jurisdiction does not offend traditional notions of fair

15  play and substantial justice." *Fireman's Fund*, 103 F.3d at 893 (citation omitted). "The

16  nature and quality of contacts necessary to support jurisdiction depends upon the type of

17  jurisdiction asserted." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

18         The Ninth Circuit has established a three prong inquiry to determine if a court may

19  exercise specific jurisdiction over a defendant: 1) the defendant must have performed

20  some act by which he purposefully avails himself of the privilege of conducting activities

21  in the forum, thereby invoking the benefits and protections of its laws; 2) the claim must

22  be one which arises out of or results from the defendant's forum related activities; and

23  3) the exercise of jurisdiction must be reasonable. *E.g., id.*; *Data Disc, Inc. v. Systems*

24  *Technology Assoc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

25

26

### A. The Court may exercise personal jurisdiction over Mr. and Mrs. Glanz because they purposefully availed themselves of the benefits and protections of Arizona law when Michael Glanz entered into the Moving Helper® contract.

Purposeful availment by one spouse will satisfy that prong of the inquiry as to both spouses where non-resident defendants reside in a community property state. *See Essex Eng'g Co. v. Credit Vending, Inc.*, 732 F. Supp. 311, 314-315 (D. Conn. 1990). Cases addressing the issue have considered the purposeful availment requirement in terms of "whether the community had sufficient contact with the forum state to subject" both spouses to the court's personal jurisdiction. *Id.* at 314; *see also Rollins v. Vidmar*, 147 Ariz. 494, 496, 711 P.2d 633, 635 (App. 1985) (holding that exercise of personal jurisdiction over a passive spouse was authorized "by virtue of his membership in the marital community").

California is a community property state where "either spouse has . . . management and control of . . . community personal property." Cal. Fam. Code § 1100 (a). Thus, the following analysis of purposeful availment applies to the marital community of Amy and Michael Glanz, as well as Michael Glanz individually.

### 1. Purposeful availment of the Glanzes

Entering into an agreement that contains a forum selection clause is sufficient to establish purposeful availment of the privilege of conducting activities in the forum, thereby invoking the protections of its laws. *See Fireman's Fund*, 103 F.3d at 894 (holding that "consent[] to arbitrate disputes over th[e] agreement in" the forum state satisfied the purposeful availment prong of the specific jurisdiction test); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984) (holding that an agreement providing it is governed by the law of the forum state "directly invokes the benefits and protections of" the forum state's laws).

Here, Michael Glanz entered into a contract with eMove, a company with its principal place of business in Arizona. The contract included forum selection clauses

1  requiring the parties to resolve disputes arising out of, or related to, the agreement in an

2  Arizona forum. Additionally, the agreement provided that it was governed by Arizona

3  law. Finally, the contract was executed in Arizona, where eMove's web server is located.

4  *See* Declaration of Brian Coxson, attached hereto as Exhibit A. Under these

5  circumstances, the marital community of Amy and Michael Glanz could reasonably

6  anticipate "being haled into court" in Arizona for any dispute arising out of the contract.

7  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

8  ### 2.   "<u>Arising Out Of</u>"

9  The Ninth Circuit applies a "but for" test to determine if a cause of action arises

10  out of the defendant's forum related activities. *Terracom v. Valley Nat'l Bank*, 49 F.3d

11  555, 561 (9th Cir. 1995).   Here, Plaintiffs' injuries would not exist but for Defendant

12  Michael Glanz entering into the Moving Helper® contract that contained a forum

13  selection clause, with an Arizona-based company via an Arizona-based web server. It

14  was through Michael Glanz's contact with Arizona to enter into his relationship with

15  Plaintiffs that Defendants obtained access to eMove's intellectual property that is at the

16  heart of the instant litigation.  Accordingly, the "arising out of" element is satisfied.

17  ### 3.   <u>Reasonableness</u>

18  After the purposeful availment and arising out of requirements are satisfied, "the

19  forum's exercise of jurisdiction is presumptively reasonable." *Shute*, 897 F.2d at 386. To

20  overcome the presumption, the "defendant 'must present a compelling case' that the

21  exercise of jurisdiction would, in fact, be unreasonable." *Id.* (citation omitted).

22  The Ninth Circuit has established seven factors a District Court must balance to

23  determine whether the exercise of jurisdiction is reasonable:

24      (1) The extent of purposeful interjection into the forum state;
    (2) The burden on the defendant of defending in the forum;

25      (3) The extent of conflict with the sovereignty of defendant's state;
    (4) The forum state's interest in adjudicating the dispute;

26      (5) The most efficient judicial resolution of the controversy;
    (6) The importance of the forum to plaintiff's interest in convenient and

1   effective relief;
(7) The existence of an alternative forum.

2   *Federal Deposit Ins. Corp., v. British-American Ins. Co., Ltd.*, 828 F.2d 1439,

3   1442 (9th Cir. 1987).

4   Because Plaintiffs have been able to establish the first prong of purposeful

5   availment, the first factor of purposeful interjection weighs in Plaintiffs' favor. The

6   second factor, i.e., the burden on Defendants of defending in the forum, weighs in

7   Defendants' favor, although, as discussed in the venue section *infra*, it would cause

8   approximately an equal burden on Plaintiffs to have to litigate in California. The third

9   factor weighs in Plaintiffs' favor because there is minimal conflict with California's

10  sovereignty, as California has little interest in resolving claims involving federal

11  trademark and copyright claims. Arizona, however, "has a strong interest in ensuring that

12  its citizens are fully compensated for their injuries." *Gates*, 743 F.2d at 1333. Thus, the

13  fourth factor, the forum state's interest, weighs in Plaintiffs' favor. The fifth factor, as

14  discussed in the venue section *infra*, appears to be approximately neutral as there are

15  slightly more witnesses in Arizona than in California. The sixth factor, the plaintiff's

16  interest in convenient and effective relief, weighs in favor of Plaintiffs because it would

17  be more convenient and cost-effective for Plaintiffs to litigate their claims in Arizona.

18  The last factor weighs in favor of Defendants because there is an alternate forum where

19  the action could be brought.

20  Given the presumption of reasonableness, four factors weighing in favor of

21  Plaintiffs, one neutral factor, and only two factors weighing in favor of Defendants, the

22  exercise of personal jurisdiction over Michael and Amy Glanz is reasonable.

23  **B.    The Court may exercise personal jurisdiction over Hire a Helper
          because it has purposefully availed itself of the benefits and protections
24        of Arizona's laws by targeting its internet marketing activities toward
          Arizona.**
25

26  Under Ninth Circuit law, the Court should consider "the economic reality of the

- 11 -

1 [Hire a Helper's] activities" in determining whether it "'purposefully directed' its

2 commercial efforts toward [Arizona] residents." *Haisten v. Grass Valley Medical*

3 *Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1398 (9th Cir. 1986) (noting "[t]he substance,

4 not form, of the defendant's activities are dispositive"). Where a defendant conducts

5 business through its website, "'the likelihood that personal jurisdiction can be

6 constitutionally exercised is directly proportionate to the nature and quality of

7 commercial activity that an entity conducts over the Internet.'" *Cybersell, Inc., v.*

8 *Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (quoting *Zippo Mfg. Co., v. Zippo Dot*

9 *Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

10 **1.     Purposeful Availment**

11 Hire a Helper's assertion that its interactive commercial website is nothing more

12 than a "telephone book" is called into question by a cursory review of its website. It is

13 clear from the website that Hire a Helper is directly involved in contracting for moving

14 services through its website. *See* HireaHelper.com, FAQs Question About HireAHelper,

15 http://www.hireahelper.com/faqs (last visited Aug. 27, 2008).  Customers are encouraged

16 to place an "order directly through the website by 'hiring these Helpers.'" *Id.*  Consumers

17 make a payment by credit card directly to Hire a Helper, which claims to act as a

18 "payment processor." *Id.*  After a consumer's credit card has been accepted as payment

19 for moving services, the consumer receives an "Authorization Code" from Hire a Helper

20 that the consumer must provide the "Helper" upon completion of the job. *Id.* The

21 "Helper" then receives payment from Hire a Helper for the agreed upon price of the

22 moving services minus "a mandatory 15% advertising and processing fee." *Id.*  While

23 Hire a Helper asserts that it is only arranging these transactions as a payment processor,

24 the substance of the transaction shows that Hire a Helper is entering into contracts for

25 moving services with both the consumer and the moving company, as an intermediary.

26 This is clearly more than a passive telephone book; rather, it is a commercial website

through which Hire a Helper enters into contracts with Arizona consumers and businesses.

Hire a Helper's assertion that it does not "target[] its business towards Arizona" is similarly belied by a review of its interactive commercial website. The website reveals that Hire a Helper has contracted with 21 companies to act as Moving Helpers® in Arizona. *See* HireaHelper.com, Get Moving Help from Local Movers, http:// www.hireahelper.com/moving-help (last visited Aug. 27, 2008). The number of Moving Helpers® in Arizona is greater than in 37 of the 45 states where Hire a Helper offers moving services. *See id.*; Affidavit of Jonathan Phelps, attached hereto as Exhibit B (compiling the number of Moving Helpers® available by state shows that Hire a Helper has 21 listed in Arizona; this is only exceeded by Florida:88; Texas:67; California:61; Colorado:30; Georgia:29; Illinois:28; and New York:22). As a result of its commercial activities directed toward the State of Arizona, and as acknowledged by Defendants in their Motion, Hire a Helper derives something close to three percent of its revenue from Arizona consumers and businesses.

Unlike the cases relied on by Defendants that addressed passive websites, here, the website is interactive and allows for consumers to purchase moving services, in the forum state, directly through the website. This activity is sufficient that Hire a Helper could reasonably anticipate "being haled into court" in Arizona for its activities that are purposefully directed at Arizona. *World-Wide Volkswagen*, 444 U.S. at 297.

### 2.   "Arising Out Of"

Plaintiffs' claims arise out of Hire a Helper's contacts with Arizona. Hire a Helper's contacts with Arizona that satisfy the purposeful availment standard are the cause of Plaintiffs' injuries. Hire a Helper's web pages that solicit business in Arizona infringe upon Plaintiffs' intellectual property rights. The web pages are based upon Plaintiffs' trade secrets, have the same look and feel as Plaintiffs' Moving Help®

website, and utilize the trademarked terms Moving Help® and Moving Helper®.  This element is satisfied.

### 3.    Reasonableness

The analysis for the reasonableness of exercising personal jurisdiction over Hire a Helper is identical to the reasonableness analysis set forth above for Defendants Amy and Michael Glanz.  Exercising jurisdiction over Hire a Helper satisfies the reasonableness factor.

## VI.    Venue is proper in this Court, and there is no basis for transfer.

In making their arguments regarding venue, Plaintiffs also rely almost exclusively on case law from other jurisdictions, and ignore extensive Ninth Circuit case law regarding venue.  Based on applicable Ninth Circuit case law, it is plain that this Court is the proper venue for this case, and that Plaintiffs cannot make the showing necessary to have the case transferred.

### A.    Venue is proper here for all counts based on the contract's forum selection clauses and under 28 U.S.C. § 1391(b) for Counts one, three, four, five, and six.

As discussed above, the forum selection clauses in the contract, as they relate to venue, are mandatory and enforceable.  *See, e.g.*, *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (in venue context, holding that forum selection clauses are prima facie valid); *Docksider, Ltd.,* 875 F.2d at 764 (noting "[t]he prevailing rule is clear . . . where venue is specified with mandatory language, the clause will be enforced").  Further, even without the forum selection clauses, venue would be proper in Arizona for these counts under 28 U.S.C. § 1391(b) because, based on the contacts of all Defendants as set forth above, "a substantial part of the events or omissions giving rise to the claim(s) occurred in Arizona."

**B.   Venue is proper on Plaintiffs' copyright claim, Count two, under the forum selection clauses and because this Court has personal jurisdiction over Defendants.**

Venue for Plaintiffs' remaining claim, Count two for copyright infringement, is governed by a specific statute, 28 U.S.C. § 1400(a).  That statute provides that a suit "may be instituted in the district in which the defendant or his agent resides or may be found."  The Ninth Circuit has interpreted this statute to mean that venue is proper in any judicial district where the defendant would be subject to personal jurisdiction.  *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc*., 106 F.3d 284, 289 (9th Cir. 1997) (overruled on other grounds).  Here, as discussed above, Defendants are subject to personal jurisdiction in Arizona. Accordingly, venue for Plaintiffs' copyright claim is proper in this Court under 28 U.S.C. § 1400(a), in addition to venue being proper under the forum selection clause.

**C.   The case should not be transferred.**

Defendants ignore significant Ninth Circuit case law regarding transfer of venue under 28 U.S.C. § 1404(a); instead they cite to case law from the Southern District of New York, *Dwyer v. General Motors, Corp.,* 853 F. Supp. 690, 692 (S.D.N.Y. 1994). Importantly to this case, in the Ninth Circuit, a "***defendant must make a strong showing of inconvenience*** to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Company v. Commonwealth Edison Company*, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added).  In determining whether a defendant has made this strong showing, the following factors have been considered in the Ninth Circuit: (1) convenience to the parties; (2) convenience to the witnesses; (3) the location where the relevant agreements were negotiated and executed; (4) the state that is most familiar with the governing law; (5) the respective parties' contacts with the forum; (6) the contacts relating  to the plaintiff's cause of action in the chosen forum; (7) the differences in the costs of litigation in the two forums; (8) the availability of compulsory process to compel attendance of

1   unwilling party witnesses; and (9) the ease of access to sources of proof.  28 U.S.C. §

2   1404(a).  *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000) (citing

3   *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-31 (1988)).  In addition, the existence of a

4   forum selection clause is a "significant factor" in the Court's analysis.  *Id*. at 499.

5         These factors weigh strongly in favor of keeping the case in this Court.  Contrary

6   to Defendants' Motion, the first two factors, convenience of the parties and the witnesses,

7   are probably neutral.  Michael Glanz sets forth in his Declaration nine witnesses that

8   Defendants intend to call at trial, including himself.  Attached to this Response is the

9   Declaration of Moving Help® Program Manager Brian Coxson, which sets forth twelve

10  potential witnesses who may have relevant knowledge, eleven of whom reside in

11  Arizona.  Thus, the number of potential witnesses for the parties is approximately the

12  same, though there are slightly more for Plaintiffs.  It should also be noted that Mr. Glanz

13  names several witnesses that will apparently testify on the same subjects (*see* declaration,

14  ¶17(a-c)).  It may very well be that some of these witnesses will be duplicative and

15  unnecessary.  Finally, Defendants claim in their Motion that travel will be a heavy burden

16  on Defendant Amy Glanz.  Ms. Glanz, however, will likely not be a necessary witness, as

17  she apparently has no relevant knowledge, and was named as a defendant in order to

18  reach the marital community.  It should also be noted that the District of Arizona is a

19  relatively close forum to the Southern District of California.  All things considered, the

20  first two factors are approximately neutral.

21        The third factor weighs in Plaintiffs' favor because, as set forth in Brian Coxson's

22  Declaration, the contract was entered into on an Arizona-based web server.  The fourth

23  factor weighs in Plaintiffs' favor because there are Arizona state law claims at issue here,

24  and this Court would likely be more knowledgeable about those claims.  The fifth and

25  sixth factors probably weigh slightly in favor of Plaintiffs, as Plaintiffs are headquartered

26  here, Michael Glanz entered into the pertinent contract here, and, as explained above,

1   Defendants have sufficient contacts to warrant personal jurisdiction.   The seventh and

2   eighth factors are probably neutral, as Plaintiffs are unaware of any difference in costs

3   between litigating in California or Arizona, and do not anticipate any difficulty getting

4   witnesses to appear.   As acknowledged by Defendants in their Motion, the ninth factor,

5   ease of access to proof, is probably neutral, as both parties have documents in their

6   respective states that will be relevant to the issues in the Complaint.   The documents and

7   materials that will be relevant to Plaintiffs' case are set forth in Brian Coxson's

8   Declaration.   If anything, Plaintiffs will have far more relevant documents because they

9   are larger companies and have been in business much longer, so that this factor would

10  weigh in Plaintiffs' favor.

11       Thus, of the nine factors, four weigh in favor of Plaintiffs, and the rest are

12  approximately neutral.   Defendants, obviously, prefer California because that is where

13  they live.   But this is really all that they have.   They have not, and cannot, make the

14  necessary strong showing that the case should be transferred to California under 28

15  U.S.C. § 1404(a) and the relevant factors in the Ninth Circuit, most of which Defendants

16  ignore in their Motion.   This is especially true given the "strong policy in favor of the

17  enforcement of forum selection clauses." *E. & J. Gallo Winery v. Andina Licores S.A.,*

18  446 F.3d 984, 992 (9th Cir. 2006).

19  **VII.   Conclusion**

20       Based on the foregoing, this Court has personal jurisdiction over Defendants under

21  the forum selections clauses and constitutional due process.   Venue is proper in this Court

22  based on the forum selection clauses and Arizona statutes.   Lastly, venue should not be

23  transferred because Arizona is a more convenient forum, and Defendants cannot make

24  the strong showing of inconvenience necessary to have the case transferred.

25

26

- 17 -

1        RESPECTFULLY SUBMITTED this 29th day of August, 2008.

2                                     BROENING OBERG WOODS & WILSON,
                                      P.C.
3

4                                     By    /s/ Sarah L. Barnes
                                            Donald Wilson, Jr.
5                                           Sarah L. Barnes
                                            Brian W. Purcell
6                                           P. O. Box 20527
                                            Phoenix, Arizona  85036
7                                           Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2                          CERTIFICATE OF SERVICE

3          I hereby certify that on August 29, 2008, I electronically transmitted the attached

4   document to the Clerk's Office using the CM/ECF System for filing and copy was

5   simultaneously e-mailed to:

6
                                    Duane S. Horning
7                           California Business Law Group, PC
                                    750 B. Street
8                                   Suite 1620
                                San Diego, CA  92101
9                               Attorney for Defendants

10

11
                                     /s/ Lorrie Scilingo
12   _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26