1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   U-Haul International, Inc., a Nevada        )   No. CV-08-1271-PHX-DGC
    corporation; and eMove, Inc., a Nevada      )
10  corporation,                                )   **ORDER**
                                                )
11              Plaintiffs,                     )
                                                )
12  vs.                                         )
                                                )
13  Hire a Helper, LLC, a California limited    )
    liability company; and Michael Glanz       )
14  and Amy Glanz, husband and wife,            )
                                                )
15              Defendants.                     )
    _____   )
16

17          eMove, Inc. provides an online marketplace for moving products and services. eMove

18  is a subsidiary of U-Haul International, Inc. ("U-Haul"). eMove has an exclusive license to

19  use U-Haul's copyrighted material on the eMove.com website and U-Haul's "Moving Help"

20  and "Moving Helper" trademarks. Michael and Amy Glanz are residents of California.

21  Michael Glanz contracted with eMove to become an eMove "Moving Helper" on July 21,

22  2005. Glanz subsequently formed Hire a Helper, LLC ("HH") which, like eMove, makes

23  moving products and services available to customers through the Internet.

24  **I.      This Lawsuit**.

25          Plaintiffs U-Haul and eMove filed a complaint against Defendants HH and Michael

26  and Amy Glanz on July 10, 2008. The complaint asserts six claims: federal trademark

27  infringement, copyright infringement, breach of contract, contributory and vicarious liability,

28  unfair competition, and misappropriation of trade secrets. Dkt. #1.

1    Defendants filed a motion to dismiss for lack of personal jurisdiction and improper
2    venue and an alternative motion to transfer the case to the Southern District of California.
3    Dkt. #13.  A response and reply were filed (Dkt. ##23, 25) and a hearing was held on
4    September 4, 2008 (Dkt. #36).  For reasons stated on the record at the hearing, the Court
5    granted the motion to dismiss with respect to Amy Glanz and denied the motion with respect
6    to Michael Glanz.  The Court took under advisement the motion to dismiss with respect to
7    HH and the motion to transfer with respect to HH and Michael Glanz.  For reasons explained
8    below, the Court will grant the motion to transfer and deny as moot the motion to dismiss
9    with respect to HH.

10   **II.    Motion to Transfer**.

11   Defendants ask the Court to transfer this case to the Southern District of California
12   pursuant to 28 U.S.C. § 1404(a).  Dkt. #14 at 16-18.  The statute authorizes such a transfer
13   if the action could have been brought in the Southern District of California and "transfer is
14   warranted by the convenience of parties and witnesses and promotes the interests of justice."
15   *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  "[T]he purpose of [section 1404(a)] is to
16   prevent the waste of time, energy and money' and to protect litigants and the public against
17   unnecessary inconvenience and expense."  *Id.* (citation omitted).

18   The parties do not dispute that this action could have been brought in the Southern
19   District of California.  The Court must determine whether Defendants have made "a strong
20   showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum."  *Decker Coal*
21   *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  This determination
22   requires the weighing of several factors: (1) the convenience of the parties, (2) the relative
23   financial burdens, (3) the convenience of witnesses, (4) the availability of compulsory
24   process to compel unwilling witness attendance, (5) the availability of witnesses and their
25   live testimony at trial, (6) the ease of access to sources of proof, (7) relevant contacts with
26   the chosen forum, (8) jurisdiction over the parties, (9) the state most familiar with the
27   governing law, (10) the relevant public policy of the forum state, and (11) the existence of
28   any forum selection clause.  *See id.*; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99

1   (9th Cir. 2000); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

2   **A.   The convenience of the parties and the relative financial burdens.**

3   Plaintiffs' principal place of business is Arizona, but U-Haul is a large, international

4   corporation doing business around the globe.  HH, by contrast, is a small, newly-formed

5   California company with four employees.  "The disruption of business affairs due to the time

6   and cost of distant litigation is far more severe and detrimental to a small [company] than it

7   is to a much larger corporation."  *SRAM Corp. v. Sunrace Roots Enter. Co.*, 953 F. Supp.

8   257, 260 (N.D. Ill. 1997).  This factor therefore weighs strongly in favor of transferring the

9   case to the Southern District of California.  *See id.*; *Library Publ'ns, Inc. v. Doubleday &*

10  *Co., Inc.*, 414 F. Supp. 1185, 1186 (E.D. Pa. 1976) (balance of convenience weighed in favor

11  of small corporation employing only five employees); *800-Flowers, Inc. v. Intercontinental*

12  *Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994) (disparity between the relative means

13  of the two corporate parties favored transfer to district of smaller corporation); *Citibank, N.A.*

14  *v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 177 (E.D.N.Y. 2003) (same).

15  **B.   The convenience of witnesses, the availability of compulsory process, and
          the availability of live testimony.**

16

17  "The convenience of witnesses is of utmost importance[.]"  *Kay v. Nat'l City Mortg.*

18  *Co.*, 494 F. Supp. 2d 845, 852 (S.D. Ohio 2007).  Indeed, "the convenience of both party and

19  non-party 'witnesses is probably the single-most important factor in the analysis of whether

20  transfer should be granted.'"  *Wagner v. N.Y. Marriot Marquis*, 502 F. Supp. 2d 312, 315

21  (N.D.N.Y 2007) (citation omitted); *see Pupo-Leyvas v. Bezy*, No. CV 07-1032-PHX-SMM,

22  2008 WL 2026276, at *3 (D. Ariz. May 9, 2008).  The "availability of process to compel the

23  testimony of important witnesses [also] is an important consideration in transfer motions."

24  *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989); *see FUL Inc.*

25  *v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993) ("[W]itnesses outside

26  the subpoena power of the court[] weigh heavily in a transfer decision[.]").

27  In this case, all of Defendants' witnesses are located in Southern California, outside

28  the subpoena power of this Court.  While the Court's lack of a subpoena power may be

1  solved through the use of deposition testimony, "live testimony is preferred whenever
2  feasible." *Hess v. Gray*, 85 F.R.D. 15, 25 (N.D. Ill. 1979); *see Kay*, 494 F. Supp. 2d at 853.
3  "[T]o fix the place of trial at a point where litigants cannot compel personal attendance and
4  may be forced to try their cases on deposition, is to create a condition not satisfactory to
5  court, jury, or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947); *see*
6  *Chodock v. Am. Economy Ins. Co.*, No. CIV-05-1263PHXROS, 2005 WL 2994451, at *4
7  (D. Ariz. Nov. 7, 2005) (forum where non-party witnesses will fall under a court's subpoena
8  power is favored).

9       Moreover, Defendants' witnesses are not employed by HH, while one-half of
10 Plaintiffs' witnesses are employed by U-Haul.  Plaintiffs thus could compel at least half of
11 their witnesses to travel to California for trial, while Defendants would have no power to
12 compel their witnesses to travel to Arizona.  To the extent the parties could persuade
13 witnesses to travel by paying their expenses, Plaintiffs would again have the advantage by
14 virtue of their greater financial resources.  *See Berry v. Potter*, No. CIV 04-2922 PHX RCB,
15 2006 WL 335841, at *5 (D. Ariz. Feb. 10, 2006) (discounting inconvenience to party's
16 employee-witnesses who could be compelled to testify); *FUL*, 839 F. Supp. at 1311 ("[I]t is
17 generally assumed that witnesses within the control of the party calling them, such as
18 employees, will appear voluntarily[.]").

19      Because the majority of non-party witnesses "would either be unwilling,
20 inconvenienced or not subject to compulsory process" if the case is tried in Arizona,
21 the Court finds that these factors – the convenience of witnesses, the availability of
22 compulsory process, and the availability of live testimony – weigh strongly in favor of
23 transfer. *Hess*, 85 F.R.D. at 25; *see Berry*, 2006 WL 335841, at *6 ("[T]he Court concludes
24 that the convenience of the witnesses weighs heavily in favor of the transfer"); *Arrow Elecs.*,
25 724 F. Supp. at 267 ("The Court finds that the convenience of party and non-party witnesses,
26 and the fact [that] certain important non-party witnesses are not subject to process in this
27 District, weighs heavily in favor of transfer[.]"); *Pupo-Leyvas*, 2008 WL 2026276, at *4
28 (same).

C.     **The ease of access to sources of proof.**

Documents relevant to Plaintiffs' claims are located in both Arizona and California. As explained above, however, witness testimony will be more accessible if the case is tried in the Southern District of California.  This factor weighs in favor of transfer.

D.     **Contacts with the chosen forum.**

Defendants have had minimal contacts with Arizona.  Mr. Glanz does not live or work here and has visited the State only rarely and not in connection with the issues in this case. HH is based in California, although its web-based services are available in Arizona and HH derives 3% of its revenue from this State.  Plaintiffs are headquartered here.

Plaintiffs' contacts in Arizona justify their choice of this forum, while Defendants have had few Arizona contacts that would justify their being haled into court here.  If this factor favors Plaintiffs, it does so only slightly.

E.     **Jurisdiction over the parties.**

"When a lack of jurisdiction is likely, it is proper to transfer the action to a district where the action could have been brought, and where the district court has personal jurisdiction over the [d]efendants."  *Forever Living Prods. U.S., Inc. v. Geyman*, 471 F. Supp. 2d 980, 984 (D. Ariz. 2006); *see Sparling*, 864 F.2d at 639; *Kay*, 494 F. Supp. 2d at 854.  The Court already has found that it lacks personal jurisdiction over Amy Glanz.  The parties do not dispute that the Southern District of California would be able to exercise personal jurisdiction over all parties.  This factor therefore weighs in favor of transfer.

F.     **The state most familiar with the governing law and the relevant public policy of the forum state.**

These factors weigh against a transfer because Plaintiffs have asserted claims under Arizona law and Arizona has a strong interest in ensuring that its citizens are compensated for their injuries.  *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984).

G.     **The existence of a forum selection clause.**

No forum selection clause exists with respect to HH.  The contract between Michael Glanz and eMove contains a forum selection clause designating Arizona as the exclusive

forum.  Although "[f]orum selection clauses generally are given deference in determining whether to transfer venue[, they] are not dispositive of a court's decision on a motion to transfer." *DePuy Orthopaedics, Inc. v. Gault S. Bay, Inc.*, No. 3:07-CV-425RM, 2007 WL 3407662, at *9 (N.D. Ind. Nov 13, 2007) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)).  "Even though the parties may have agreed to a forum selection clause, this agreement is not determinative, but merely one factor to be thrown into the balance with the other § 1404(a) factors." *Ky. Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp. 2d 751, 754 (E.D. Ky. 2005 *Jones*, 211 F.3d at 499 (finding that California was the appropriate forum despite a forum selection clause designating Pennsylvania as the exclusive forum).  This factor is neutral with respect to Defendant HH, but weighs against transfer as to Defendant Michael Glanz.

### H.   Consideration of all the factors.

Having considered each of the relevant factors, the Court concludes that this case should be transferred to the Southern District of California.  Six of eleven factors weigh in favor of transfer, including the most important factors – the convenience of witnesses and the availability of compulsory process.  Moreover, unlike this District, all parties are subject to personal jurisdiction in the Southern District of California.  The Court will therefore grant Defendants' motion to transfer.  *See Sparling*, 864 F.2d at 639 (affirming district court's decision to transfer case to a more convenient district that could exercise personal jurisdiction over all parties).  Given this ruling, the Court will deny as moot the motion to dismiss with respect to HH.

**IT IS ORDERED:**

1.   Defendants' motion to transfer (Dkt. #13) is **granted** pursuant to 28 U.S.C. § 1404(a).

2.   Defendants' motion to dismiss (Dkt. #13) is **granted** with respect to Defendant Amy Glanz, **denied** with respect to Defendant Michael Glanz, and **denied** as moot with respect to Hire A Helper, LLC.

3.   The hearing set for **September 25, 2008 at 2:00 p.m.** is **vacated**.

1      4.      The Clerk is directed to transfer this case to the Southern District of California.

2      DATED this 22nd day of September, 2008.

3

4

5      _____

6                    David G. Campbell
                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28