

FILED

DEC 31 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U-Haul International, Inc, a Nevada corporation, e-Move, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Hire a Helper, LLC, a California Corporation limited liability company, Michael Glanz, an individual,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>08-CV-01801 H NLS<br><br>**ORDER GRANTING JOINT MOTION REQUESTING APPROVAL AND ENTRY OF PROTECTIVE ORDER GOVERNING CONTINUED SETTLEMENT DISCUSSIONS**<br><br>Hon. Nita L. Stormes |

08-CV-01801 H NLS

Plaintiffs and Counterdefendants U-Haul International, Inc. and eMove, Inc. ("Plaintiffs") and Defendants and Counterclaimants Hire a Helper, LLC and Michael Glanz ("Defendants") appeared at an Early Neutral Evaluation Conference ("ENE") on December 8, 2008. Although the case did not settle at that time, the parties agreed that client representatives would meet without counsel to continue settlement discussions. For that purpose, the Court ordered the parties to submit a proposed Stipulated Protective Order. This Order Granting Joint Motion Requesting Approval and Entry Of Proposed Protective Order ("Order") is entered to facilitate these ongoing settlement discussions.

A continued telephonic ENE is set for January 9, 2009. The parties' representatives are scheduled to meet in Arizona on or about Friday, December 19, 2008. The parties and their counsel may have other discussions in person or telephonically before the next scheduled ENE on January 9, 2009.

It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern continued settlement discussions in this action,

IT IS HEREBY ORDERED:

1. <u>Confidential Settlement Discussions</u>. In accordance with Local Civil Rule 16.3(h), the continued settlement discussions between the parties shall be off the record, privileged and confidential.

2. <u>Nondisclosure and Nonuse Obligation</u>. All discussions, documents and information exchanged at the continued settlement conference and in any subsequent settlement discussions between the parties shall not be used for any purpose other than to assist settlement discussion of this matter. Each of the parties shall not in any way disclose such discussions, documents and information of the other party to any third party, and will not make use of such discussions, documents and information internally except as necessary for settlement negotiations, discussions, and consultations with personnel or authorized representatives of the other party for settlement purposes only.

3. <u>Ownership of Confidential Information and Other Materials</u>. All confidential information and any derivatives thereof whether created by Discloser or Recipient, remain the

property of Discloser. All confidential information (including without limitation, documents, drawings, sketches and plans) furnished by the Discloser to the Recipient, and any extracts thereof, shall be returned by the Recipient to the Discloser promptly at its request, together with any copies and extracts thereof, or shall be destroyed by the Recipient, and Recipient shall provide to Discloser a certification attesting to such destruction.

4. <u>Disclosure Does Not Affect Discoverability</u>. Disclosure of any information under this Order or between now and the ENE on January 9, 2009, does not change whether or not such information is otherwise discoverable. All claims of relevance, confidentiality, trade secret, and privilege continue to apply in the same way as if there had not been disclosure. Conversely, disclosure of any such information does not create or afford any greater protection than if the information had not been disclosed.

5. <u>Inadmissible Settlement Negotiations</u>. All discussions, documents and information, exchanged at the conference between the parties scheduled for December 19, 2008, and otherwise between the parties and their counsel between now and the ENE on January 9, 2009, shall be inadmissible under Federal Rules of Evidence, Rule 408 as information that is part of accepting or offering a compromise of disputed claims and conduct and statements made in compromise negotiations regarding the claims.

6. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

7. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice or for public policy reasons, or on its own order at any time in these proceedings.

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED.**

                                  KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 12/19/2008

By: /s/Boris Zelkind
    Lynda J. Zadra-Symes
    Boris Zelkind

Attorneys for Plaintiff and Counterdefendant
U-HAUL INTERNATIONAL, INC. and Plaintiff EMOVE, INC.


CALIFORNIA BUSINESS LAW GROUP, PC

Dated: 12/19/2008

By: /s/ Duane S. Horning
    Duane S. Horning

Attorney for Defendants and Counterclaimant,
HIRE A HELPER, LLC and MICHAEL GLANZ


IT IS SO ORDERED this 31 day of Dec., 2008

_____
Honorable Nita L. Stormes
United States District Court

6397057
121908

- 3 -                        08-CV-01801 H NLS